# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| STEPHEN WILLIAM ST. PIERRE,<br>Appellant, | DOCKET NUMBER<br>PH-0432-21-0364-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE,<br>Agency. | DATE: January 27, 2023 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Stephen William St. Pierre</u>, Gray, Maine, pro se.

<u>Roselee Dodson</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### REMAND ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for lack of jurisdiction.  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

decision, and REMAND this appeal to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2    The appellant was employed as a GS-13 Special Agent with the Federal Bureau of Investigation (FBI).  Initial Appeal File (IAF), Tab 6 at 21.  Effective September 9, 2021, the appellant was removed from his position based on the charge of unacceptable performance.  *Id*. at 21-23.

¶3    He appealed his removal to the Board and marked on his appeal form that he was not entitled to veterans' preference.  IAF, Tab 1 at 1.  The administrative judge informed the appellant how to make a nonfrivolous allegation that the agency's action was within the Board's jurisdiction and ordered him to submit evidence and argument on that issue.  IAF, Tab 2 at 2-5.  The appellant did not respond, but the agency moved to dismiss the appeal, observing that an FBI employee only qualified as an "employee" with the right to appeal to the Board if he was a preference eligible as defined in 5 U.S.C. § 2108 and the appellant did not fall in that category.  IAF, Tab 4 at 6-7.  The administrative judge issued an order directing the appellant to show how he qualified as a preference eligible under the definition in 5 U.S.C. § 2108.  IAF, Tab 8.  The appellant responded that he is a preference eligible because he served in the U.S. Air Force from 1992 to 1999 and provided a DD Form 214 (Certificate of Release or Discharge from Active Duty) documenting his service dates from February 12, 1992, to May 1, 1999.  IAF, Tab 9 at 1-2.  The administrative judge issued two additional orders directing the appellant to show how he qualified as a preference eligible under the definition in 5 U.S.C. § 2108.  IAF, Tabs 11-12.  The appellant did not respond.

¶4    Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction.  IAF, Tab 13, Initial Decision (ID) at 1, 4.  The administrative judge found that the appellant's general statement of military

service and his DD Form 214 did not provide a basis for finding that he met the definition of a preference eligible in 5 U.S.C. § 2108. ID at 3-4. The administrative judge also noted the appellant was provided with three opportunities to show that he met the definition of a preference eligible under 5 U.S.C. § 2108, but he did not do so. ID at 3-4.

¶5    The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. He claims preference eligibility because, in addition to the service from 1992 to 1999 he raised before the administrative judge, he was on active duty military service from September 24, 1991, to February 11, 1992, and he is a disabled veteran. *Id*. at 1. With his petition for review, he provides new documents in support of his claim of preference eligibility. *Id*. at 2-8. The agency has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6    An FBI employee has the right to appeal to the Board if he is a preference eligible who meets the requirements of 5 U.S.C. § 7511(a)(1)(B). 5 U.S.C. § 7511(b)(8); *Parkinson v. Department of Justice*, 874 F.3d 710, 713 (Fed. Cir. 2017) (en banc); *Patterson v. Department of Justice*, 52 M.S.P.R. 651, 653-54 (1992). 5 U.S.C. § 7511(a)(1)(B) defines an "employee" as a preference eligible in the excepted service who has completed 1 year of current, continuous service in the same or similar positions. The record reflects that the appellant was employed as a Special Agent with the FBI since 2004. IAF, Tab 6 at 84, 91-93. As the appellant has completed more than 1 year of current continuous service in the same position, his right to appeal to the Board hinges on whether he was a preference eligible.

¶7    For purposes of this appeal, a preference eligible means a veteran or a disabled veteran. 5 U.S.C. § 2108(3). Under Title 5 of the United States Code, a veteran is an individual who has served on active duty in the armed forces during a war, in a campaign or expedition for which a campaign badge has been

authorized, or during statutorily specified time periods including from August 2, 1990, to January 2, 1992, and was discharged under honorable conditions.  5 U.S.C. § 2108(1).  A disabled veteran is an individual who served on active duty in the armed forces, was separated under honorable conditions, and has established the present existence of a service-connected disability or is receiving compensation, disability retirement benefits, or a pension because of a public statute administered by the Department of Veterans Affairs (DVA) or a military department.  5 U.S.C. § 2108(2).

¶8 The administrative judge correctly found that the appellant failed to allege below that he was a preference eligible under 5 U.S.C. § 2108.[2]  ID at 3-4. However, for the first time on review, the appellant provides his DD Form 214 documenting his status as an Officer Trainee in the U.S. Air Force from September 24, 1991, to February 11, 1992, and a June 9, 2021 DVA letter indicating that he is a veteran receiving compensation for a service-connected disability.  PFR File, Tab 1 at 3, 8.  The appellant notes that he was unable to submit the DD Form 214 earlier because it is an older military record secured in a storage area unavailable for access and review.  *Id.* at 1.

¶9 The Board will generally not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *Avansino v. U.S. Postal Service,* 3 M.S.P.R. 211, 214 (1980).  Although it does not appear that this evidence was unavailable before the record closed below, it implicates the issue of the Board's jurisdiction, and therefore, we have considered it.  *See Poole v.*

---

[2] The appellant's DD-214 submitted to the administrative judge reflects that he served on active duty with the U.S. Air Force from February 12, 1992, to May 1, 1999, and that he was honorably discharged.  IAF, Tab 9 at 2.  His service does not confer preference eligible status, however, because the record does not reflect that the appellant served during a war or in a campaign or expedition for which a campaign badge has been authorized, or that he served during one of the statutorily specified periods.  The appellant's SF-50 indicated that he did not have veterans' preference and the appellant did not allege below that he was a disabled veteran.  IAF, Tab 6 at 21.

*Department of the Army*, 117 M.S.P.R. 516, ¶ 9 (2012) (stating that Board jurisdiction is always before the Board and may be raised by either party or sua sponte by the Board at any time during a Board proceeding); *Turner v. U.S. Postal Service*, 90 M.S.P.R. 385, ¶ 8 (2001) (considering newly submitted evidence that an employee was a preference eligible because it was relevant to the jurisdictional issue).

¶10    The appellant argues that he is a veteran as defined in 5 U.S.C. § 2108(1)(C), because he served on active duty in the armed forces in the statutorily specified time period of August 2, 1990, to January 2, 1992.  PFR File, Tab 1 at 1.  The term "veteran" as defined in 5 U.S.C. § 2108(1)(C) applies only to individuals whose military service included a period of "active duty as defined by [38 U.S.C. § 101(21)]."  Active duty as relevant for this appeal is defined as full-time duty in the armed forces, other than active duty for training.[3] 38 U.S.C. § 101(21)(A); *Hesse v. Department of the Army*, 104 M.S.P.R. 647, ¶ 7 (2007).  Because the DD Form 214 the appellant submitted on review shows that he was an Officer Trainee in the U.S. Air Force from September 24, 1991, to February 11, 1992, PFR File, Tab 1 at 3, his service during that time period does not constitute active duty as defined by 38 U.S.C. § 101(21)(A).  Thus, the appellant does not qualify as a preference eligible on that basis.

¶11    The appellant also argues that he is a disabled veteran as defined in 5 U.S.C. § 2108(2).  PFR File, Tab 1 at 1.  There is no dispute that the appellant served on active duty in the armed forces and that he was separated under honorable conditions.  IAF, Tab 9 at 2.  The Board has held that the plain language of the statute limiting the definition of a veteran to individuals who served on active duty for purposes other than training does not apply to the definition of "disabled veteran" in 5 U.S.C. § 2108(2).  *Hesse*, 104 M.S.P.R. 647, ¶ 7.  Therefore, the issue is whether the appellant has established the present

---

[3]  There is no indication that the appellant was a cadet at the Air Force Academy while serving as an Officer Trainee, and thus, 38 U.S.C. § 101(21)(D) has no application here.

existence of a service-connected disability or is receiving compensation, disability retirement benefits, or a pension because of a public statute administered by the DVA or a military department. 5 U.S.C. § 2108(2).

¶12     The June 9, 2021 DVA letter states that the appellant has a service-connected disability (rated at 40%) and that he is receiving monthly compensation for that service-connected disability. PFR File, Tab 1 at 8. Significantly, the DVA letter also states that the agency is providing the letter for the appellant to use in applying for benefits, such as civil service preference. *Id*. Accordingly, we find that the appellant nonfrivolously alleged that he is a preference eligible as defined in 5 U.S.C. § 2108(2). *See Badana v. Department of the Air Force*, 104 M.S.P.R. 182, ¶ 10 (2006) (finding that a DVA disability rating constituted a nonfrivolous allegation that an appellant was entitled to veterans' preference); *Santiago v. U.S. Postal Service*, 62 M.S.P.R. 41, 43 (1994) (finding that a letter submitted for the first time on review certifying that the DVA records showed that the appellant had a service-connected disability required remand to determine whether he was a preference eligible).

¶13     If the administrative judge determines that the appellant established by preponderant evidence that he is a preference eligible as defined in 5 U.S.C. § 2108(2), he shall consider whether the appellant has satisfied the requirements of 5 U.S.C. § 7511. If the administrative judge finds that the Board has jurisdiction over this case, he shall then adjudicate the appeal on the merits, including holding the hearing requested by the appellant, and issue a new initial decision. If the administrative judge finds no jurisdiction, then the appeal may be dismissed on that basis.

**ORDER**

¶14      For the reasons discussed above, we remand this case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                        /s/ for

                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.