Opinion for the court filed by Circuit Judge Hughes, in which Chief Judge Prost and Circuit Judges Newman, Lourie, Dyk, Moore, O’Malley, Reyna, Wallaeh, Taranto, Chen, and Stoll join. Dissenting opinion filed by Circuit Judge Plager, in which Circuit Judge Linn joins. Dissenting opinion filed by Circuit Judge Linn, in which Circuit Judge Plager joins. HUGHES, Circuit Judge. Lt. Col. John C. Parkinson appeals from a final decision of the Merit Systems Protection Board sustaining his removal from the Federal Bureau of Investigation. A panel of this court reversed the Board’s decision, concluding, in part, that the Board erred by not permitting Mr. Parkinson to raise whistleblower reprisal as an affirmative defense under 5 U.S.C. § 7701(c)(2)(C). We convened en banc to reconsider whether FBI employees are entitled to bring such whistleblowing claims to the Board. We now conclude that 5 U.S.C. § 2303 requires all FBI employees to bring claims of whistleblower reprisal to the Attorney General. Accordingly, we vacate the portion of the panel opinion finding that FBI employees may raise whistle-blower reprisal as an affirmative defense before the Board, but reinstate the panel opinion as to all other issues. This case is remanded to the Board for consideration of the appropriate penalty. I On April 26, 2012, the FBI dismissed Mr. Parkinson from his position as a Special Agent after finding him guilty of lack of candor, obstruction, fraud/theft, and on-duty unprofessional conduct. Mr. Parkinson, a preference-eligible veteran, appealed his removal to the Board and raised whistleblower reprisal as an affirmative defense. The Administrative Judge dismissed Mr. Parkinson’s whistleblower reprisal affirmative defense based on the Board’s decision in Van Lancker v. Department of Justice, 119 M.S.P.R. 514 (2013), which held that FBI agents are not entitled to such affirmative defenses under 5 U.S.C. § 7701(c)(2)(B) because the FBI is excluded from the definition of agency in 5 U.S.C. § 2302. The Administrative Judge, therefore, sustained Mr. Parkinson’s removal based on the lack of candor and obstruction charges. The Board affirmed. On February 29, 2016, a panel of this court sustained the obstruction charge but found the lack of candor charge unsupported by substantial evidence. The panel also determined that the Board improperly precluded Mr. Parkinson from raising whistleblower reprisal as an affirmative defense under 5 U.S.C. § 7701(c)(2)(C). We granted the Department of Justice’s petition for en banc review to determine whether preference-eligible FBI employees can raise whistleblower reprisal as an affirmative defense under 5 U.S.C. § 7701(c)(2)(C). II A brief history of the statutory context is in order. In 1978, Congress enacted the Civil Service Reform Act (CSRA), which “comprehensively overhauled the civil service system.” Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 773, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985). The CSRA replaced the Civil Service Commission with three new agencies: the Office of Personnel Management (OPM); the Federal Labor Relations Authority (FLRA); and the Merit Systems Protection Board (Board). 5 U.S.C. §§ 1101, 7104,1201. The Board was given “the responsibility, inter alia, to adjudicate appeals of adverse personnel actions taken by a federal agency against its employees.” Garcia v. Dep’t of Homeland Sec., 437 F.3d 1322, 1327 (Fed. Cir. 2006) (en banc). The Board’s jurisdiction, however, did not extend to all adverse actions, nor to all employees of the Federal government. Only certain covered actions are reviewable and only certain covered employees may seek review. Elgin v. Dep’t of Treasury, 567 U.S. 1, 5-6, 132 S.Ct. 2126, 183 L.Ed.2d 1 (2012). Covered employees generally include those in the “competitive service,” those in the “excepted service” who meet tenure and length of service requirements, and, most relevant to this case, preference-eligible employees in the excepted service. See 5 U.S.C. § 7511(a)(1) (limiting the definítion of “employee” to certain personnel).[1] Even given those broad categories, many federal employees do not have the right to appeal to the Board. Employees of several agencies were entirely excluded from the group of employees entitled to appeal to the Board. See, e.g., 5 U.S.C. § 7511(b)(1)-(10). Other agencies and their employees, including those of the FBI, were also excluded from coverage with the exception of certain preference-eligible employees. Id. § 7511(b)(8). That coverage continued protections for veterans and other preference-eligible employees who had previous appeal rights to the Civil Service Commission. See Veterans’ Preference Act of 1944, Pub. L. No. 78-359, § 14, 58 Stat. 387, 390-91 (1944). The CSRA also, for the first time, created whistleblower protections for certain federal employees. The CSRA established the Office of Special Counsel (OSC) to investigate allegations of whistleblower reprisal and seek remedies from the Board on behalf of employees subject to such reprisal. See 5 U.S.C. § 1214. Initially, however, this was the only option available to an employee as the CSRA did not create an individual right to bring a whistle-blower claim directly to the Board. Subsequently, in the Whistleblower Protection Act (WPA), Congress created a new Individual Right of Action (IRA) which permitted certain individuals to bring individual whistleblower claims directly to the Board. See 5 U.S.C. § 1221(a). The CSRA also defined prohibited personnel practices that certain federal employees may raise as an affirmative defense when challenging an adverse action before the Board, including whistleblower retaliation. See 5 U.S.C. § 7701(c)(2)(B) (requiring the Board to reverse an adverse employment action when the employee “shows that the decision was based on any prohibited personnel practice described in section 2302(b) of this title”). Relevant to this appeal, § 2302(b)(8) prohibits retaliation against certain federal employees who expose waste, fraud, and abuse. Specifically, § 2302(b)(8) prohibits taking or threatening to take a personnel action against “an employee in, or applicant for, a covered position in an agency” because that individual disclosed information “which the employee or applicant reasonably believes evidences (i) any violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety....” Employees who are covered under § 2302(b)(8) may raise a whistleblower reprisal allegation in one of three ways: (i) to the OSC under 5 U.S.C. § 1214, (ii) at the Board by filing an IRA under 5 U.S.C. § 1221, or (iii) as an affirmative defense to an adverse employment action under 5 U.S.C. § 7701(c)(2)(B). As with the general coverage provisions for Board appeal rights, the whistleblower provisions of § 2302 do not apply to all agencies and their employees. See 5 U.S.C. § 2302(a)(2)(C). The plain language of the statute excludes the FBI. See 5 U.S.C. § 2302(a)(2)(C) (for purposes of § 2302, “agency” “does not include ... the Federal Bureau of Investigation”). Therefore, FBI employees are not covered under § 2302(b)(8) and may not bring a claim of whistleblower reprisal under § 1214, § 1221, or as an affirmative defense under 5 U.S.C. § 7701(c)(2)(B). Congress did not leave FBI employees without whistleblower protections. In fact, it enacted a specific protection regime just for FBI employees who act as whistleblow-ers. Although it excluded them from § 1214, § 1221, and § 2302(b)(8), it enacted 5 U.S.C. § 2303, a separate but parallel whistleblower regime designed to protect all FBI employees from retaliation. Borrowing the definition of “personnel action” from § 2302(a)(2)(A)(i)-(x), § 2303 largely tracks the relevant protections provided in the general whistleblower statute, § 2302(b)(8), insofar as the substance of the disclosures given protection against “personnel actions” is concerned. It prohibits taking or failing to take a “personnel action” with respect to: any employee of the Bureau as a reprisal for a disclosure of information by the employee to the Attorney General (or an employee designated by the Attorney General for such purpose) which the employee or applicant reasonably believes evidences (1) a violation of any law, rule, or regulation, or (2) mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2303. One difference from § 2302(b)(8) is that § 2303 limits the protected disclosures to those made within the Department of Justice.[2] The more significant difference, for present purposes, is in the manner in which these protections are enforced. Under § 2303, FBI employees, unlike employees covered under § 2302(b)(8), do not have the right to bring claims of whis-tleblower reprisal directly to the Board by filing an IRA, or raise, it as an affirmative defense to an adverse employment action under 5 U.S.C. § 7701(c)(2)(B). Section 2303(c) instead requires the President to “provide for the enforcement of this, section in a manner consistent with applicable provisions of sections 1214 [OSC investigation] and 1221 [IRA at the Board]” (emphasis added), and § 2303(b) gives the Attorney General the authority to prescribe regulations to ensure that personnel actions are not taken against FBI employees as reprisal for making a protected disclosure. In 1997, the President delegated his enforcement responsibilities under § 2303(c) to the Attorney General. Memorandum, Delegation of Responsibilities Concerning FBI Employees Under the Civil Service Reform Act of 1978, 62 Fed. Reg. 23,123 (Apr. 14, 1997). Under the regulations promulgated by the Attorney General, FBI employees may bring claims of whistleblower reprisal to the Office of Professional Responsibility (OPR) and the Office of Inspector General (OIG), who are charged with investigating claims of whistleblower reprisal. 28 C.F.R. § 27.3. If OPR or OIG determines “that there' are reasonable grounds to believe that a reprisal has been or will be taken, [OPR or OIG] shall report this conclusion, together with' any findings and recommendations for corrective action, to the Director, Office of Attorney Recruitment and Management (the Director).” Id. § 27.4. “[I]f the Director determines that a protected disclosure was a contributing factor in a personnel action taken or to be taken, the Director shall order corrective action as the Director deems appropriate.” Id. The Attorney General explained that for FBI employees’ whistleblower reprisal claims, “the roles and functions of [OPR, OIG, and the Director] are thus analogous to those of the OSC and [the Board], respectively, in whistleblower cases involving federal employees generally.” Whistleblower Protection for Federal Bureau of Investigation Employees, 64 Fed. Reg. 58,782, 58,783 (Nov. 1, 1999). III We may not set aside a Board’s decision unless it is “(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.” 5 U.S.C. § 7703. Statutory interpretations, like other questions of law, are reviewed de novo. Killeen v. Office of Pers. Mgmt., 558 F.3d 1318, 1323 (Fed. Cir. 2009). It is undisputed that, as a preference-eligible FBI employee, Mr. Parkinson may appeal adverse employment actions to the Board. See 5 U.S.C. §§ 7513(d), 7511(a)(l)(B)(i). It is also undisputed that he may not bring whistleblower claims to the Board through an IRA under § 1221 or as an affirmative defense under 5 U.S.C. § 7701(c)(2)(B) because those statutory provisions depend on the whistleblower reprisal provision in § 2302(b)(8), which, as shown above, does not apply to any FBI employees. Nonetheless, Mr. Parkinson argues that the Board may still hear his claim of whis-tleblower reprisal as an affirmative defense under § 7701(c)(2)(C), That section requires reversal of any agency action that is “not in accordance with law.” Id. According to Mr. Parkinson, if the FBI violates the provisions of § 2303—the statute establishing a separate whistleblower scheme specifically for the FBI—it acts not in accordance with law and-therefore violates § 2302(c)(2)(C). We disagree that a violation of § 2303 can form the basis of an affirmative defense under § 7701(c)(2)(C). We also conclude that § 2303 establishes a separate and independent whistleblower scheme for FBI employees, which does not provide for review at the Board or in this court. A The relevant statutory provisions make clear that the Board does not have jurisdiction to hear preference-eligible FBI employees’ claims of whistleblower reprisal under § 7701(c)(2)(C). As noted above,' Congress specifically exempted the FBI from the whistleblower protection set forth in 5 U.S.C. § 2302(b)(8) and instead provided a separate review process for claims of whistle-blower reprisal by FBI employees. Section 2303, including its delegation to the President of authority to create a remedy scheme specific to this section, plainly applies to “any employee of the ^Bureau.” 5 U.S.C. § 2303(a) (emphasis added). It does not distinguish between preference-eligible employees and non-preference-eligible employees. The broad and encompassing language of § 2303, and the corresponding broad exclusion of the FBI from § 2302, indicates Congress’s intent to establish a separate regime for whistleblower protection within the FBI.[3] Allowing preference-eligible FBI employees to raise whistleblower reprisal claims at the Board when § 2303—the only statute protecting FBI employees from whistleblower reprisal—does not provide such a right, would contradict the unambiguous statutory language of § 2303 and inappropriately expand the protections provided to FBI employees by Congress. Moreover, allowing the Board to review FBI whistleblower reprisal claims under the broad language of § 7701(c)(2)(C) would render the specific provisions of § 7701(c)(2)(B) superfluous. Section 7701(c)(2)(B) specifically requires the Board to overturn adverse actions for violations of the general whistleblower statute, § 2302(b)(8). Thus, if we interpreted § 7701(c)(2)(C) so broadly as to allow an FBI employee or applicant for employment to raise whistleblower reprisal as a “violation of law” (specifically, a violation of § 2303), then a violation of § 2302(b)(8) would also qualify as a “violation of law” under § 7701(c)(2)(C), and § 7701(c)(2)(B) would no longer serve any independent purpose. Such a result violates the general/specific canon of statutory construction. See RadLAX Gateway Hotel, LLC v. Amalgamated Bank, 566 U.S. 639, 132 S.Ct. 2065, 2071, 182 L.Ed.2d 967 (2012) (“[Where] a general authorization and a more limited, specific authorization exist side-by-side[, t]he canon avoids ... the superfluity of a specific provision that is swallowed by the general one, violating] the cardinal rule that, if possible, effect shall be given to every clause and part of a statute.” (internal quotation marks and citation omitted)); Wash. Mkt. Co. v. Hoffman, 101 U.S. 112, 115-16, 25 L.Ed. 782 (1879) (“As early as in Bacon’s Abridgment, sect. 2, it was said that ‘a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.’ ”). In light of Congress’s specific exclusion of all FBI employees from the whistle-blower protections remediable at the Board, and its specific establishment of a separate whistleblower protection scheme for FBI employees, it is improper to read an intent by Congress to allow whistle-blower affirmative defenses by preference-eligible FBI employees under the general language of § 7701(c)(2)(C). Congress was clearly aware that it had allowed preference-eligible employees to appeal to the Board, despite the general exclusion of the rest of FBI employees from such protections. It was also aware that it excluded all FBI employees, including those who were preference eligible, from the whistleblower protections of § 2302(b)(8). And it was aware that § 2303 provided no right for Board review of whistleblower claims by any FBI employees, preference-eligible or not. If it had intended preference-eligible FBI employees to use § 2303 as an affirmative defense in Board cases, it could have explicitly said so, either in § 2303 itself, or in § 7701(c)(2)(B) alongside the provision that specifically recognized whis-tleblower reprisal (along with other prohibited personnel practices), as an affirmative defense. It did not. To conclude that Congress nevertheless intended sub silen-tio for preference-eligible FBI employees to bring whistleblower claims to the Board, despite the plain statutory language and structure, goes too far. The legislative history also supports the conclusion that the Board lacks jurisdiction over preference-eligible FBI employees’ claims of whistleblower reprisal under § 7701(c)(2)(C). Congress noted that “the FBI has exclusive investigative responsibility for foreign counterintelligence activities within the United States” and “is charged with the investigation of 78 different types of violations of criminal statutes relating to the integrity of Federal officials.” 95 Cong. Rec, H9358 (daily ed. Sept. 11, 1978) (statement of Rep. Collins). Congress was therefore concerned that the “unique problems facing an intelligence agency such as the FBI,” including “[t]he rigorous and dangerous duties performed by the Bureaus’ employees,” did not “lend themselves to [certain] aspects of this legislation,” most notably, the general whis-tleblower provisions of § 2302(b)(8). 95 Cong. Rec. H9359 (daily ed. Sept. 11,1978) (statement of Rep. Derwinski). Ultimately, Congress expressly exempted FBI employees from § 2302(b)(8) “on the same basis as the various national security agencies—the Central Intelligence Agency, the Defense Intelligence Agency, and the National Security Agency.” 95 Cong. Rec. H9358 (daily ed. Sept. 11,1978) (statement of Rep. Collins). Instead, due to “the demanding, sensitive, and unique responsibilities” which require “as great a degree of insulation with' regard to its personnel function as is practical,” Congress gave the FBI “special authority ... to let the President set up their own whistleblower system so that appeals would not be to the outside but to the Attorney General.” 95 Cong. Rec. H9429-30 (daily ed. Sept. 11, 1978) (statement of Rep. Udall). The Conference Committee explained: The conference substitute excludes the FBI from coverage of the prohibited personnel practices, except that matters pertaining to protection against reprisals for disclosure of certain information described in section 2302(b)(8) would be processed under special procedures similar to those provided in the House bill. The President, rather than the Special Counsel and the Merit Board, would have responsibility for enforcing this provision with respect to the FBI under section 2303. S. Rep. No. 95-1272, at 128 (1978). Based on the language of § 2302(b), § 2303, and § 7701(c)(2), which the legislative history confirms, we conclude that the Board does not have jurisdiction to review FBI employees’ whistleblower reprisal claims. B Since the late 1990s, § 2303’s express delegation of remedy-creation authority to the President has been implemented by regulations that keep review of alleged FBI reprisals within the Department of Justice, with no Board review or judicial review. Congress reconsidered and amended § 2303 in 2016, yet chose not to alter the remedies. If the statute is to be changed to provide for Board review, the remedy lies with Congress and not this court. The sufficiency of the whistleblower protections available to FBI employees has been debated in Congress more than once. Each time, those debates were predicated on the fact that “[a]ll complaints are investigated and adjudicated completely within the Justice Department without any opportunity for independent review.” S. Rep. No. 114-261, at 4 (2016). In May 2016, Senator Grassley introduced the Federal Bureau of Investigation Whistleblower Protection Enhancement Act of 2016. Id. at 21-25. That Act, as proposed, would have “provide[d] for new and enhanced procedures for the investigation and adjudication of allegations of FBI whistleblower reprisal,” including judicial review by the Federal Circuit to provide “consis-ten[cy] with whistleblower cases under the Whistleblower Protection Enhancement Act on appeal from the Merit Systems Protection Board.” Id. at 10, 15. On December 16, 2016, Congress slightly modified the FBI whistleblower statute by expanding the group of people and offices to which FBI employees may make protected disclosures. The Federal Bureau of Investigation Whistleblower Protection Enhancement Act of 2016, Pub. L. No. 114-302, 130 Stat. 1516 (2016). The law as enacted does not provide for judicial review of FBI employees’ claims of whistle-blower reprisal. As with Board review, whether judicial review should be provided for FBI agents is a matter for Congress and not this court. TV -We find that the Board did not err in concluding that it lacked jurisdiction to hear FBI employees’ claims of whistle-blower reprisal under • .§ 7701(c)(2)(C). Therefore, we vacate the portion of the panel opinion finding that FBI employees may raise whistleblower reprisal as an affirmative defense before the Board, but reinstate the panel opinion as to all other issues. Accordingly, we remand to the Board for consideration of the appropriate penalty. AFFIRMED-IN-PART, REVERSED-IN-PART, VACATED-IN-PART AND REMANDED No costs. . The CSRA initially included only those members of the excepted service who were preference-eligible. Subsequently, Congress enacted the Civil Service Due Process Amendments of 1990, Pub. L. No. 101-376, 104 Stat. 461 (Aug. 17, 1990) (codified in relevant part at 5 U.S.C. § 7511), which extended appeal rights to non-preference-eligible members of the excepted service who had met service and tenure requirements. See Bennett v. Merit Sys. Prot. Bd., 635 F.3d 1215, 1220 (Fed. Cir. 2011). . Congress ’recently amended § 2303 to expand the list of people and offices to whom FBI employees may make protected disclosures. Because the appeal was filed before the amendment, we, rely on the prior version of the statute. See Ad Hoc Shrimp Trade Action Comm. v. United States, 802 F.3d 1339, 1349 (Fed. Cir. 2015) ("‘[A] statute shall not be given retroactive effect unless such construction is required by explicit language or by necessary implication.’ ”); Hamdan v. Rumsfeld, 548 U.S. 557, 126 S.Ct. 2749, 2765, 165 L.Ed.2d 723 (2006) (”[I]f a new rule has no retroactive effect, the presumption against retroactivity will not prevent its application to a case that was already pending when the new rule was enacted.”). . The FBI is not the only agency to have a separate statutory scheme for the protection of whistleblower rights. See Intelligence Community Whistleblower Protection Act of 1998, Pub. L. No. 105-272, 112 Stat. 2396 (1998) (establishing whistleblower protections for employees, or contractor employees, of certain agencies excluded from 5 U.S.C. § 2302(b)(8), including the Defense Intelligence Agency, National Geospatial-Intelli-gence Agency, National Reconnaissance Office, and the National Security Agency).