**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

WILLIAM N. LIVINGSTON,
      Appellant,

      v.

FEDERAL RESERVE SYSTEM,
      Agency.

DOCKET NUMBER
DC-0752-17-0142-I-1

DATE: April 10, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David H. Shapiro, Esquire, and J. Cathryne Watson, Esquire, Washington, D.C., for the appellant.

Anglee Agarwal, Esquire, and Linda Ajawara, Esquire, Washington D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which sustained the agency's decision suspending him for 30 days.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED herein to incorporate the correct standard of proof for a lack of candor charge, we AFFIRM the initial decision.

**BACKGROUND**

¶2    After a conversation with an acquaintance from his neighborhood, the appellant forwarded the acquaintance's daughter's résumé and cover letter to his subordinate responsible for overseeing the intern hiring process for his division, and instructed the subordinate to add the acquaintance's daughter's name to the candidate roster list for consideration for a paid intern position within his division for the summer of 2016.  Initial Appeal File (IAF), Tab 4 at 22; Tab 5 at 23; Tab 16 at 3.  The position was eventually offered to the acquaintance's daughter, who accepted the position.  IAF, Tab 14 at 17.  By letter dated July 25, 2016, the agency proposed suspending the appellant without pay for 30 calendar days based on the charges of conduct unbecoming a supervisor and lack of candor related to

the hiring of the appellant's acquaintance's daughter for the paid internship. IAF, Tab 5 at 8-12. By letter dated October 3, 2016, the deciding official upheld both charges and all specifications, and sustained the 30-day suspension. IAF, Tab 4 at 5-8.

¶3     The appellant filed a timely appeal with the Board challenging his suspension. IAF, Tab 1. Following the appellant's requested hearing, the administrative judge issued an initial decision sustaining both charges and all specifications, finding that the agency proved both charges by a preponderance of the evidence. IAF, Tab 20, Initial Decision (ID) at 1-17. The administrative judge also determined that the agency established a nexus between the charged misconduct and the efficiency of the service and that the penalty of a 30-day suspension was reasonable, and consequently affirmed the 30-day suspension. ID at 17-19. The appellant has filed a petition for review and the agency has filed a response in opposition. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4     On petition for review, the appellant argues that he did not knowingly misrepresent or conceal any information, and asserts that the agency failed to meet its burden of proving both specifications of the charge. PFR File, Tab 1 at 12-13. The conduct unbecoming a supervisor charge contained two specifications. IAF, Tab 12 at 8. The first specification stated that the appellant granted the acquaintance's daughter an unauthorized preference over another candidate for the 2016 summer intern position. *Id.* The second specification stated that the appellant induced his subordinate to place the acquaintance's daughter at the top of the intern candidate roster, resulting in her selection for the position. *Id.* The first specification of the lack of candor charge stated that the appellant contacted the Deputy Chief Administrative Officer ("Deputy Chief")— one of the employees responsible for coordinating the paid intern hiring process—regarding the acquaintance's daughter's application status, but withheld

information concerning his relationship and prior communications with her father. *Id.* The second lack of candor specification charged that the appellant inaccurately informed the Deputy Chief that he had been contacted by the acquaintance's daughter regarding the intern position even though she had never contacted the appellant and the appellant had only communicated with her father. *Id.* at 8-9.

¶5   As the administrative judge correctly noted, a charge of lack of candor is a flexible charge, and unlike a charge of falsification, it does not require proof of intent to deceive.  ID at 14; *see Ludlum v. Department of Justice*, 278 F.3d 1280, 1283-84 (2002).  In *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330 (2016), the Board clarified the correct legal standard for a lack of candor charge. Relying on U.S. Court of Appeals for the Federal Circuit and Board precedent, the Board held that lack of candor requires proof of the following elements: (1) that the employee gave incorrect or incomplete information; and (2) that he did so knowingly.[3]  *Id.*, ¶ 17.  The administrative judge did not apply *Fargnoli* in assessing this charge, relying instead on the standard described by the Federal Circuit in *Ludlum*.  ID at 14, 16.  We turn now to review the administrative judge's findings in light of the Board decision in *Fargnoli*.

¶6   In concluding that the agency proved the first specification of the lack of candor charge, the administrative judge cited the testimony of the Deputy Chief, who testified that he informed the appellant that it was not part of the normal recruiting process for a supervisor to request a potential candidate's email, especially when that candidate had not expressed interest in applying to that supervisor's division/branch.  IAF, Tab 17, Hearing Compact Disc (HCD)

---

[3] In *Parkinson v. Department of Justice*, 815 F.3d 757 (Fed. Cir. 2016), the Federal Circuit's decision relied upon the Board's decision in *Fargnoli*.  The case was subsequently vacated in part and remanded on en banc review, but the portion of the panel decision identifying the correct legal standard for a lack of candor charge was left undisturbed.  *Parkinson v. Department of Justice*, 874 F.3d 710, 712 (2017); *see Ludlum*, 278 F.3d at 1285-86.

(testimony of the Deputy Chief); ID at 15. Even after being placed on notice of the Deputy Chief's concerns about the appellant's level of involvement in the intern hiring process on the candidate's behalf, the appellant still failed to inform the Deputy Chief that the candidate's father lived in his neighborhood and had approached him about a job for his daughter. HCD (testimony of the Deputy Chief). Additionally, although the administrative judge concluded that the Deputy Chief never specifically elicited information from the appellant concerning his relationship and interactions with the candidate's father, the Deputy Chief testified that the appellant should have known that this information would have been germane and relevant to him, and the administrative judge credited this testimony in reaching her conclusion that the appellant's statements to the Deputy Chief were not fully forthcoming and candid. *Id.*; ID at 15-16.

¶7        Although the appellant has argued on petition for review that he did not consider his conversations with the applicant's father to be "material," *Fargnoli* requires only that the appellant provided incomplete information, and that he did so knowingly. *Fargnoli*, 123 M.S.P.R. 330, ¶17. As previously noted, unlike a charge of falsification, a lack of candor charge does not require a showing of intent to deceive or mislead. *See Ludlum*, 278 F.3d at 1284-85 (noting that lack of candor need not involve an affirmative misrepresentation, but instead "may involve a failure to disclose something that, in the circumstances, should have been disclosed to make the statement accurate and complete," and that an intent to deceive is not a separate element of a lack of candor charge); *cf. Boo v. Department of Homeland Security*, 122 M.S.P.R. 100, ¶ 14 (2014) (distinguishing a lack of candor charge from charges of falsification, misrepresentation, or lying). Although the appellant argues that he could not have known that information concerning his relationship with the applicant's father was material, the record and common sense belies that assertion. As the Deputy Chief noted in his testimony, the information concerning the appellant's relationship with the applicant's father would have been relevant and germane to him, and the

appellant's disclosure of the preexisting relationship would have spurred additional questions from the Deputy Chief about why the appellant was pursuing a candidate who had not even applied to the appellant's division. HCD (testimony of the Deputy Chief). Additionally, on cross examination, the deciding official flatly rejected the notion that the appellant could have believed that his preexisting relationship with the applicant's father would not have been material information that he needed to share with the Deputy Chief or his supervisor. HCD (testimony of the deciding official). Finally, in the proposal letter, the proposing official noted that the appellant received training in 2013 concerning prohibited personnel practices, such as the granting of unauthorized preferences, and so the appellant was on notice that such behavior was prohibited. IAF, Tab 5 at 10. The omission of such relevant and material information in this case constitutes a "failure to be forthright" sufficient to constitute a "knowing" omission, and to meet the standard for misconduct discussed in *Fargnoli*. *Fargnoli*, 123 M.S.P.R. 330, ¶ 17 (quoting *Parkinson*, 815 F.3d at 766-67). Accordingly, we see no reason to disturb the administrative judge's findings concerning the first specification of the lack of candor charge.

¶8 Regarding the second specification, the administrative judge pointed to the email sent by the appellant to the Deputy Chief stating "we were contacted by [the applicant]" concerning interest in the 2016 summer intern program, which the appellant knew to be untrue because he had been contacted by the applicant's father, not the applicant, during the relevant times. ID at 15-17; IAF, Tab 5 at 32; HCD (testimony of the Deputy Chief). The administrative judge also cited the testimony of the Deputy Chief stating that if he had known that the appellant had only been in contact with the applicant's father and not the applicant herself, he would have responded differently to the appellant's requests to consider the applicant for the appellant's division even though she had not expressed interest in it. ID at 8-9, 16. Consequently, the administrative judge concluded that the appellant's mischaracterization of these facts established that he was untruthful in

his statements and unforthcoming in his interactions with the Deputy Chief. ID at 16; *cf. Erwin v. Department of the Army*, 123 M.S.P.R. 565, ¶ 6 (2016) (separate opinion of Chairman Grundmann) (concluding that the agency failed to prove a charge of lack of candor when it provided no evidence that the appellant knowingly gave incorrect or incomplete information, withheld information, and the appellant's statement was not a misrepresentation).

¶9    The administrative judge made comprehensive credibility determinations and factual findings in reaching her conclusion that the appellant withheld information from the Deputy Chief regarding his relationship with the applicant's father, and incorrectly informed the Deputy Chief that he had been contacted by the applicant herself. ID at 14-16; *cf. Fargnoli*, 123 M.S.P.R. 330, ¶ 18 (remanding for further analysis on the lack of candor charge when the administrative judge made no findings as to whether the appellant knowingly gave incorrect or incomplete information). Accordingly, we find no basis for disturbing the administrative judge's findings concerning either specification of the lack of candor charge. We therefore modify the initial decision to incorporate the proper legal standard under *Fargnoli* for analyzing a lack of candor charge, and affirm the initial decision as modified by this Final Order.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                    /s/ for
                                          ————————————————
                                          Jennifer Everling
                                          Acting Clerk of the Board

Washington, D.C.