**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| WEBSTER S. HESTER,<br>                    Appellant, | DOCKET NUMBER<br>AT-0752-20-0137-I-1 |
|                    v. | |
| UNITED STATES POSTAL SERVICE,<br>                    Agency. | DATE: July 18, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Tamika Sykes, Esquire, Atlanta, Georgia, for the appellant

Roderick Eves, Saint Louis, Missouri, for the agency

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed his reduction in grade and pay under 5 U.S.C. chapter 75. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED below to address an affirmative defense of harmful error or violation of due process, we AFFIRM the initial decision.

## BACKGROUND

In 2018, the appellant became Postmaster at the agency's Jefferson Post Office in Gainesville, Georgia. Initial Appeal File (IAF), Tab 6 at 84. On January 8, 2019, the appellant and his immediate supervisor were attending a meeting at the Atlanta District Office when the District Human Resources Manager requested to see the appellant. IAF, Tab 26 at 19. The appellant and his supervisor met with the Human Resources Manager, who questioned the appellant about an incident that occurred earlier that day, in which the appellant showed up unannounced to the nearby Dacula Post Office to confront a Rural Carrier Associate (RCA) about rumors she had supposedly been spreading about the appellant's relationship with a subordinate. IAF, Tab 6 at 46, Tab 26 at 19, 32-33, Tab 27 at 5-6.

In light of this incident and another complaint that management had recently received about the appellant's behavior, his supervisor decided to conduct an investigation. IAF, Tab 26 at 19. On or about January 11, 2019, the appellant's supervisor paid a site visit to the Jefferson Post Office, interviewed "nearly all the employees" there, and received numerous complaints about the

appellant's conduct. IAF, Tab 6 at 68-78, Tab 26 at 20. Several of these employees followed up with written statements. IAF, Tab 6 at 48-67. The agency interviewed the appellant about these allegations on February 6, 2019. *Id.* at 44-45.

Around the time of the initial interviews, the appellant's supervisor instructed him not to have any contact with Jefferson Post Office employees. IAF, Tab 26 at 7. Nevertheless, on April 3, 2019, the appellant texted a meme about loyalty to the Officer in Charge at the Jefferson Post Office, along with the statement "[y]ou need to remember this because loyalty is everything." IAF, Tab 6 at 81-82. On April 5, 2019, the appellant's supervisor interviewed him about this incident as well. *Id.* at 42-43.

On May 23, 2019, the agency proposed the appellant's removal based on three charges: (1) improper conduct (five specifications), (2) lack of candor (one specification), and (3) failure to follow instructions (one specification). *Id.* at 27-31. Charge 1 pertained to the January 8, 2019 incident at the Dacula Post Office as well as four other incidents in which the appellant allegedly made inappropriate statements to his subordinates. *Id.* at 27-28. Charge 2 pertained to the appellant's alleged admission that he gave untruthful answers during his February 6, 2019 interview. *Id.* at 28. Charge 3 pertained to the appellant's alleged violation of the no-contact order by texting the Officer in Charge. *Id.* at 28-29. After the appellant responded, the deciding official issued a decision sustaining all of the charges and specifications, but mitigating the proposed penalty to a reduction in grade and pay to the position of EAS-17 Supervisor of Customer Service. *Id.* at 15-19.

The appellant filed a Board appeal, contesting the charges and the penalty and raising affirmative defenses of violation of due process and harmful procedural error. IAF, Tab 1 at 4-6, Tab 14 at 6-8, Tab 17 at 1-6. He originally requested a hearing in his appeal, but he later withdrew that request, and the appeal was decided on the written record. IAF, Tab 1 at 2, Tabs 24-25.

After the record closed, the administrative judge issued an initial decision affirming the agency's action. IAF, Tab 31, Initial Decision (ID). She sustained all three charges and their underlying specifications, found that the agency established a nexus between the appellant's misconduct and the efficiency of the service, and upheld the agency's penalty determination. ID at 3-15. The administrative judge further found that the appellant failed to prove his affirmative defenses. ID at 15-18.

The appellant has filed a petition for review, contesting charges 1 and 2 and arguing that the administrative judge failed to consider all of the relevant evidence in arriving at her decision. Petition for Review (PFR) File, Tab 3. The agency has filed a response. PFR File, Tab 5.

## ANALYSIS

In an appeal of an adverse action under 5 U.S.C. chapter 75, the agency bears the burden of proving by preponderant evidence that its action was taken for such cause as would promote the efficiency of the service. *MacDonald v. Department of the Navy*, 4 M.S.P.R. 403, 404 (1980); 5 C.F.R. § 1201.56(b)(1)(ii). To meet this burden, the agency must prove its charge, establish a nexus between the charge and the efficiency of the service, and demonstrate that the penalty imposed was reasonable. *Pope v. U.S. Postal Service*, 114 F.3d 1144, 1147 (Fed. Cir. 1997). However, even if the agency carries this burden, the action may not be sustained if the appellant shows that it was the product of a due process violation or harmful procedural error. 5 U.S.C. § 7701(c)(2)(A); *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681 (1991); *see* 5 C.F.R. § 1201.56(b)(2)(i)(C).

In this case, the appellant's petition for review is directed toward the administrative judge's findings on charges 1 and 2. He does not directly contest her findings on penalty, but the implication of his petition is that the penalty should be mitigated if fewer than all charges are sustained. *See Douglas v.*

*Veterans Administration*, 5 M.S.P.R. 280, 308 (1981) (stating that, when not all of the charges are sustained, the Board will consider carefully whether the sustained charges merited the penalty imposed by the agency). The appellant does not challenge the findings that the administrative judge made on his affirmative defenses. These findings appear to be correct on their face, and we will not revisit them on review. ID at 12, 15-18; *see* 5 C.F.R. § 1201.115 (stating that the Board normally will consider only issues raised in a timely filed petition or cross petition for review). Nevertheless, the appellant raises a due process argument or harmful error defense in connection with charge 2 that the administrative judge did not address in her initial decision, and which we must therefore address on review.

Charge 1: Improper Conduct

A charge of "improper conduct" has no specific elements of proof; it is established by proving that the appellant committed the acts alleged in support of the "improper conduct" label. *Alvarado v. Department of the Air Force*, 103 M.S.P.R. 1, ¶ 22 (2006), *aff'd*, 626 F. Supp. 2d 1140 (D.N.M. 2009), *aff'd*, 490 F. App'x 932 (10th Cir. 2012). In this case, the agency charged the appellant with five specifications of improper conduct related to his interactions with craft employees.

Under specification 1, the agency alleged as follows: "On January 8, 2019, you went to the Dacula Post Office to confront an employee [an RCA] about statements you alleged she made about you and one of your female employees." IAF, Tab 6 at 27. The administrative judge sustained this specification, finding that the appellant admitted that he went to this other facility, which was not under his authority, to confront the RCA about rumors that she was supposedly spreading concerning the appellant's relationship with a female subordinate. ID at 3-5. On petition for review, the appellant argues that the agency failed to identify any law, rule, or regulation prohibiting his actions. PFR File, Tab 3 at 6. He points out that he left the premises once the Dacula Postmaster informed him

that the RCA declined to speak with him. *Id.* The appellant also disputes the allegation in the notice of proposed removal that he was angry and the RCA was afraid of him. *Id.* at 6-7.

Not all misconduct for which disciplinary action may be taken is specifically prohibited by statute or regulation. *Hatch v. Department of the Air Force*, 40 M.S.P.R. 260, 266 (1989). We agree with the administrative judge that it was inappropriate for the appellant to travel unannounced to another Post Office in order to confront a craft employee about a matter that should have been addressed in an orderly fashion through the proper chain of command. This behavior was unprofessional and inherently disruptive to the agency's operations. Regardless of whether the appellant was visibly angry, whether he left after the RCA declined to speak with him, or whether the RCA was afraid of him, we find that his actions were still improper.

Under specification 2, the agency alleged that, on February 5, 2019, the appellant told a subordinate Sales Services and Distribution Associate that he would "mentally and physically kick [her] ass." IAF, Tab 6 at 27. Specifications 3 through 5 five pertained to similar hostile and profane statements that the appellant allegedly made to three other female subordinates. *Id.* The administrative judge sustained all of these specifications, finding that the evidence that the agency proffered in support was more credible than the appellant's denials. ID at 5-9. On petition for review, the appellant argues that the administrative judge should not have sustained specification 2 because the agency was unable to prove that the conduct at issue occurred on February 5, 2019, as alleged. PFR File, Tab 3 at 7. He argues more generally that the administrative judge sustained specifications 2 through 5 based on faulty credibility determinations that she made without considering all of the relevant evidence. *Id.* at 9-11.

Regarding the specific date of the misconduct at issue in specification 2, the date given in the proposal notice is obviously incorrect. February 5, 2019 was

the date of the email in which the appellant's subordinate set forth her allegations, not the date that she alleged the underlying misconduct took place. IAF, Tab 6 at 27, 52. Nevertheless, it is well settled that an agency is required to prove only the essence of its charge and need not prove each factual specification supporting the charge. *Hicks v. Department of the Treasury*, 62 M.S.P.R. 71, 74 (1994), *aff'd*, 48 F.3d 1235 (Fed. Cir. 1995) (Table). The Board has held that a mistake in stating the date of an incident of misconduct, absent a showing by the appellant that the misstatement constituted harmful procedural error, does not invalidate the charge. *Walcott v. U.S. Postal Service*, 52 M.S.P.R. 277, 282 (1992); *see Hartigan v. Veterans Administration*, 39 M.S.P.R. 613, 617-18 (1989). We therefore agree with the administrative judge that the agency was not required to prove the specific date of the alleged misconduct underlying specification 2. ID at 9 n.3.

Regarding the administrative judge's credibility determinations, when, as here, an administrative judge's findings are not based on the observation of witnesses' demeanor, the Board is free to reweigh the evidence and substitute its own judgment on credibility issues.[2] *Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002). In this case, the agency supported the specific allegations set forth in specifications 2 through 5 with declarations, emails, and unsworn written statements by various employees. IAF, Tab 6 at 49, 52, 55, 62, Tab 26 at 35-43. The agency also submitted a large number of written statements and notes from interviews with various Jefferson Post Office employees, generally characterizing the appellant's managerial style as harsh, intimidating, and profane. IAF, Tab 6 at 48-78. In rebuttal, the appellant filed a declaration and a copy of his responses to the investigation in which he specifically denied the agency's allegations, as well as multiple declarations and unsworn written

---

[2] Although we reconsider the relevant evidence here, we note that the administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *See Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

statements from various individuals expressing approval of the appellant's managerial style and stating that his detractors conspired to have him removed through false allegations.[3]   IAF, Tab 14 at 24, 37-49, Tab 27 at 26-28, Tab 29 at 22-49.

We find that there is nothing internally contradictory or inherently implausible about either the agency's direct evidence in support of specifications 2-5 or the appellant's denials.   IAF, Tab 6 at 49, 52, 55, 64, 72, 78, Tab 26 at 36-37, 40, 43, Tab 29 at 28-30.   We note, however, that the agency failed to support specification 4 with a sworn statement.   We find that the interview notes and unsworn written statement that the agency submitted in support of specification 4 are of reduced evidentiary value compared to the appellant's sworn denial of the same, but that the direct evidence, on the whole, is inconclusive.   IAF, Tab 6 at 54-55, 78, Tab 29 at 29; *see Social Security Administration v. Whittlesey*, 59 M.S.P.R. 684, 692 (1993) (stating that a sworn statement has greater weight than one that is unsworn), *aff'd*, 39 F.3d 1197 (Fed. Cir. 1994) (Table).   We agree with the administrative judge that there is scant evidence that any of these four employees had motive to fabricate their allegations.[4]   ID at 8; *see Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (stating that, to resolve credibility issues, the Board will consider, among other things, a witness's bias or lack of bias).

---

[3] The appellant also submitted evidence related to the Dacula Postmaster's version of events regarding charge 1, specification 1.   IAF, Tab 27 at 20, Tab 29 at 17-21.   We find that this evidence is immaterial because, as explained above, the undisputed facts are sufficient to support that specification.

[4] As explained below, two of the appellant's witnesses opined that the Jefferson Post Office turned against the appellant because the employees there were not used to being held accountable and simply did not like being told what to do.   However, holding subordinates accountable and directing their performance is a common task among all supervisors in the Civil Service.   We find it unlikely that four of the appellant's subordinates would feel sufficiently motivated by this normal working relationship to make false allegations against the appellant, and that three of the four would be willing to do so under penalty of perjury.

Regarding the circumstantial evidence, out of the 21 Jefferson Post Office employees whom the appellant's supervisor interviewed in January 2019, 17 expressed a negative opinion of the appellant's managerial practices, 3 expressed a positive opinion, and 1 declined to answer. IAF, Tab 6 at 68-78. The complaints about the appellant were remarkably consistent among these employees, with several recurring themes, including that the appellant managed the Post Office with intimidation and bullying tactics, that he was disrespectful, unprofessional, used inappropriate language, and denigrated his subordinates in front of each other, that he fostered a climate of fear which made employees reluctant to speak out due to the possibility of retaliation, and that he played favorites among his subordinates, with RCA 1, a subordinate with whom the appellant was alleged to have an inappropriate personal relationship, being especially favored. *Id.* at 48-78. Although these statements are unsworn, we agree with the administrative judge that the complaints therein are characteristic of the misconduct alleged in charge 1, specifications 2 through 5. ID at 8. These unsworn statements are also consistent with the sworn statements that the agency submitted in support of its charge. IAF, Tab 26 at 35-43.

We have also considered the circumstantial evidence weighing in the appellant's favor. This includes statements from five other agency employees with whom the appellant has worked at other facilities, as well as the three positive opinions of the appellant's managerial practices gathered by the appellant's supervisor during his site visit. We acknowledge that the five statements that the appellant submitted for the record express a favorable view of his managerial style, and that four of these statements were made under the penalty of perjury. IAF, Tab 29 at 40-49. However, we do not find these statements particularly persuasive because none of these individuals worked under the appellant at the Jefferson Post Office during the time period in question. *See Hillen*, 35 M.S.P.R. at 458 (stating that, to resolve credibility issues, the Board will consider, among other things, the witness's opportunity and

capacity to observe the event or act in question). As to the three favorable statements that the appellant's supervisor collected during his site visit, one was somewhat equivocal and not necessarily inconsistent with the negative statements; this employee acknowledged that the appellant was "rough around the edges," but offered that he believed that the appellant was basically doing a good job and that his colleagues were being "too sensitive." IAF, Tab 6 at 74. Therefore, although this statement is generally positive, we do not find that it weighs heavily in the appellant's favor. Another one of the positive statements was offered by RCA 1, who stated that the appellant treated his subordinates fairly and that they just did not like being held to account. *Id.* at 57-58, 71. However, based on the large number of consistent statements that the appellant favored RCA 1 over the rest of his subordinates, *id.* at 48-50, 54-56, 59, 61-63, 65-66, 68, 70-77, we find that the appellant more probably than not showed favoritism to RCA 1, and that her unsworn statements to the contrary are therefore entitled to little weight, *see Hillen*, 35 M.S.P.R. at 458 (reflecting that to resolve credibility issues, the Board will consider, among other things, a witness's bias or lack of bias).

The most persuasive circumstantial evidence in the appellant's favor was from a Mail Processing Clerk, who, like RCA 1, stated that the appellant did not show favoritism and his subordinates merely resented being told what to do. IAF, Tab 6 at 74, Tab 27 at 23-25. However, unlike RCA 1, there is no evidence that this Mail Processing Clerk was biased in the appellant's favor, and she supported her unsworn statements with a declaration under the penalty of perjury. IAF, Tab 29 at 22-25. The Mail Processing Clerk also stated that she overheard three or four employees discuss the need to "keep their stories straight" in order to get the appellant out of the office. IAF, Tab 27 at 22, 24. Although we find little reason to doubt the facts that this Mail Processing Clerk reported or the earnestness of her opinions, we find that her statements are insufficient to outweigh the statements of the other employees. First, we note that her opinion

of the appellant's managerial style is inconsistent with the opinions of practically all the other employees at the Jefferson Post Office. *See Hillen*, 35 M.S.P.R. at 458 (stating that, to resolve credibility issues, the Board will consider, among other things, the contradiction of the witness's version of events by other evidence or its consistency with other evidence). Second, even if 3 or 4 of the appellant's subordinates attempted to coordinate their accounts of the appellant's misconduct, this does not explain the similar opinions expressed by 14 other Jefferson Post Office employees. Nor would it appear that there would have been much opportunity for these individuals to collude in advance of the January 2019 interviews. Therefore, although the Mail Processing Clerk's statements have some persuasive value, we find that the weight of the evidence supports the agency's allegation that the misconduct alleged in charge 1, specifications 2 through 5 was characteristic of the appellant's profane, intimidating, and unprofessional style of management.

Further supporting our findings are the appellant's actions with respect to charge 1, specification 1, which, as explained above, are not in material dispute. This incident provides additional confirmation of the appellant's pattern of overbearing and unprofessional behavior, as well as his tendency to turn his dissatisfaction with craft employees into a personal matter. For these reasons, having weighed the evidence as a whole, both for and against the agency's version of events, we agree with the administrative judge that the agency proved charge 1, specifications 2 through 5.

Charge 2: Lack of Candor

Lack of candor requires proof that: (1) the employee gave incorrect or incomplete information; and (2) he did so knowingly. *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶ 17 (2016). Although lack of candor is distinguishable from falsification because it does not require a showing of an "intent to deceive," it nonetheless requires that the employee conveyed information knowing that it was incorrect or incomplete. *Parkinson v.*

*Department of Justice*, 815 F.3d 757, 765-66 (Fed. Cir. 2016), *aff'd in part and rev'd in part*, 874 F.3d 710 (Fed. Cir. 2017) (en banc).

In support of its lack of candor charge, the agency stated that, the week following his February 6, 2019 interview, the appellant stated to his supervisor "I want to be straight up with you.  I just want you to know I lied to most of the questions you asked me."  When his supervisor asked for an explanation, the appellant "became noticeably upset and began to say, 'I did not tell you I lied.  It was your question . . . ,'" but he failed to complete his thought.  IAF, Tab 6 at 28. The administrative judge sustained this charge based on the appellant's interview answers in which he denied committing the misconduct under charge 1, specifications 2 through 5.  ID at 10-11; IAF, Tab 6 at 44-45.

On petition for review, the appellant argues that he could not have admitted lack of candor to his supervisor the week after the February 6, 2019 interview because he was out of state on vacation at that time.  PFR File, Tab 3 at 7-8.  We find that even if we discount the appellant's alleged admission, the agency proved its lack of candor charge.  We agree with the administrative judge that it was sufficient for the agency to show that the appellant denied committing misconduct that was proven to have occurred.  ID at 10-11; *see Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 20 (2009) (citing *Boyd v. Department of Justice*, 14 M.S.P.R. 427, 428-30 (1983), for the principle that when an agency proves an appellant's underlying misconduct it also proves that he lacked candor when he failed to provide truthful or complete information when questioned about that misconduct).

Charge 3: Failure to Follow Instructions

To prove a charge of failure to follow instructions, an agency must establish that the appellant: (1) was given proper instructions, and (2) failed to follow the instructions, without regard to whether the failure was intentional or unintentional.  *Powell v. U.S. Postal Service*, 122 M.S.P.R. 60, ¶ 5 (2014).  In this case, the agency alleged that, on January 11, 2019, the appellant was given

explicit instructions not to contact anyone at the Jefferson Post Office, and that the appellant violated these instructions on April 3, 2019, when he sent a text message to the Officer in Charge, exhorting him to remain loyal. IAF, Tab 6 at 29-30. The administrative judge sustained this charge, and the appellant does not challenge the administrative judge's finding on review. ID at 31. For the reasons explained in the initial decision, we agree with the administrative judge that the agency proved charge 3.

<u>We modify the initial decision to find that the appellant did not prove the agency denied him due process or committed harmful procedural error.</u>

As to the lack of candor charge, the appellant also argues that the agency failed to identify with specificity the interview answers that it was alleging were inaccurate. PFR File, Tab 3 at 8. We construe this as an affirmative defense of violation of due process. *See Howarth v. U.S. Postal Service*, 77 M.S.P.R. 1, 3-4 (1997) (stating that due process entails advance notice of an adverse action, with sufficient detail to allow the employee to make an informed reply). The appellant raised this issue below, but the administrative judge did not specifically address it. IAF, Tab 27 at 13. We will therefore address it here.

We agree with the appellant that charge 2, itself, does not specifically list the allegedly inaccurate interview answers. However, we find that the essence of charge 2 is readily ascertainable by reading the proposal notice and supporting documents as a whole. *See Allen v. U.S. Postal Service*, 466 F.3d 1065, 1070 (Fed. Cir. 2006) (explaining that "charged offenses are to be gleaned from the Notice of Proposed Removal as a whole"); *Coppola v. U.S. Postal Service*, 47 M.S.P.R. 307, 312 (1991) (finding that the notice of proposed removal, together with the evidence available for the appellant's examination, was sufficient to notify the appellant of the nature of the charges against him). Specifically, charge 2 refers to untruthful statements that the appellant made during his February 6, 2019 interview. IAF, Tab 6 at 28. The notes from that interview, which were only two pages long and available for the appellant's

review, show that the appellant denied committing the misconduct alleged under charge 1, specifications 2 through 5. *Id.* at 31, 44-45. These are obviously the interview answers to which the agency was referring in charge 2, and the appellant posits no alternative interpretation of the charge. *Id.* at 44-45. Furthermore, the notice of proposed removal specifically informed the appellant that, if he did not understand the reasons for the proposal, he should contact his supervisor, the proposing official. *Id.* at 31. There is no evidence that the appellant did so.[5] For these reasons, we find insufficient evidence to show that the appellant reasonably failed to understand the nature of charge 2 so that he was unable to make a meaningful reply.[6]

Penalty

Because all the agency's charges are sustained, the Board's authority to review the penalty is limited. *Cantu v. Department of the Treasury*, 88 M.S.P.R. 253, ¶ 4 (2001). Specifically, the Board reviews an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Douglas*, 5 M.S.P.R. at 306. In determining whether the selected penalty is reasonable, the

---

[5] To determine whether an employee actually failed to understand the charges against him, the Board will consider, among other things, his reply to the notice of proposed removal. *See Hunger v. Department of the Interior*, 2 M.S.P.R. 107, 108 (1980), *aff'd sub nom. Colhoff v. Department of the Interior*, 641 F.2d 608 (8th Cir. 1981). In this case, it appears that the appellant only replied orally, and there is no relevant evidence of what he said during his reply. IAF, Tab 6 at 15. Because the appellant bears the burden of proving his affirmative defenses, the absence of relevant evidence on this point, if anything, tends to cut slightly against the appellant's case. *See Miller v. Department of Justice*, 842 F.3d 1252, 1262 (Fed. Cir. 2016); 5 C.F.R. § 1201.56(b)(2)(i)(C).

[6] We have also considered the appellant's argument as an affirmative defense of harmful procedural error. However, as explained above, this charge is established based on the discrepancies between the appellant's interview statements and the proven misconduct in charge 1, specifications 2 through 5. Therefore, we do not find that the appellant has shown that any defect in the notice of proposed removal likely had an effect on the outcome regarding this charge. *See Williams v. U.S. Postal Service*, 68 M.S.P.R. 150, 153-54 (1995).

Board gives due deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility but to assure that managerial judgment has been properly exercised. *Id.* at 302. Thus, the Board will disturb an agency's chosen penalty only if it finds that the agency failed to weigh relevant factors or that the agency's judgment clearly exceeded the limits of reasonableness. *Id.* at 306.

In this case, the administrative judge considered the deciding official's declaration and *Douglas* factors worksheet and concluded that she appropriately considered the relevant factors in arriving at her decision. ID at 13-15; IAF, Tab 3 at 23-26, Tab 26 at 28-30. The administrative judge further found that the deciding official's ultimate determination to reduce the appellant in grade and pay was reasonable. ID at 14-15. The appellant does not directly challenge the administrative judge's findings in this regard, and we see no reason to disturb them. *See Holliman v. U.S. Postal Service*, 75 M.S.P.R. 372 (1997) (finding a four-grade demotion and reassignment to be an appropriate penalty for a Postmaster who engaged in continuing inappropriate behavior involving confrontations with outside contractors and agency employees); *Kirkpatrick v. U.S. Postal Service*, 74 M.S.P.R. 583, 590 (1997) (stating that supervisors are held to a higher standard of conduct than other employees).

**NOTICE OF APPEAL RIGHTS**[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.