# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 23-1216**

**September Term, 2024**

FILED ON: DECEMBER 3, 2024

GARRET O'BOYLE,
              PETITIONER

v.

UNITED STATES DEPARTMENT OF JUSTICE,
              RESPONDENT

---

On Petition for Review of a Decision
of the Merit Systems Protection Board

---

Before: WILKINS and PAN, *Circuit Judges*, and ROGERS, *Senior Circuit Judge*.

## J U D G M E N T

This appeal was considered on the record and on the briefs and oral arguments of the parties. The panel has afforded these issues full consideration and has determined that they do not warrant a published opinion. *See* Fed. R. App. P. 36; D.C. Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the court lacks jurisdiction and transfers the case to the United States Court of Appeals for the Federal Circuit pursuant to 28 U.S.C. § 1631.

## I.

FBI Special Agent Garret O'Boyle challenges the decision of the Merit Systems Protection Board ("MSPB") affirming the suspension of his employment after the FBI suspended his Top Secret security clearance. MSPB Initial Dec. at 2, 21 (May 26, 2023). The FBI suspended O'Boyle's Top Secret security clearance pending an investigation of allegations that he had accessed an FBI case file without proper authorization. The FBI then indefinitely suspended his employment for lack of a security clearance. His challenges to the Top Secret security clearance suspension include that it was retaliation for his whistleblowing to Congress. He seeks review of his claims relating to whistleblower retaliation pursuant to 5 U.S.C. § 7703(b)(1)(B).

Federal employees generally have certain whistleblower protections. 5 U.S.C. § 2302(a)(2)(A) defines "'personnel action' . . . with respect to an employee in, or applicant for, a covered position in an agency." Subsection (b) identifies the "prohibited personnel practice[s]" that may be raised as an affirmative defense in challenging an adverse personnel action before the MSPB. *See* 5 U.S.C. § 7701(c)(2)(B). As relevant to O'Boyle, section 2302(b)(8) prohibits adverse "personnel action" against an employee "because of" specified disclosures to Congress. Subsections (b)(9)(A)(i), (B), (C), and (D) prohibit adverse "personnel action" against an employee "because of" whistleblowing. An employee can seek "corrective action" from the MSPB. 5 U.S.C. §§ 1221(a), 7513(d). The FBI is excluded as a covered agency. 5 U.S.C. § 2302(a)(2)(C)(ii)(I).

There is a separate procedure for FBI whistleblowers. 5 U.S.C. § 2303; *see Parkinson v. Dep't of Just.*, 874 F.3d 710, 714 (Fed. Cir. 2017). Protected disclosures under section 2303 are limited to specified persons and entities, 5 U.S.C. § 2303(a)(1), while there are fewer restrictions on what can be disclosed than under section 2302. *Compare* 5 U.S.C. § 2303(a)(2), *with* § 2302(b)(8)(A). An FBI employee who alleges reprisal for whistleblowing may as of December 23, 2022, seek enforcement of his whistleblower retaliation protections under section 2303 through the MSPB. 5 U.S.C. § 2303(d)(1); *see* James M. Inhofe National Defense Authorization Act for Fiscal Year 2023, Pub. L. No. 117-263, § 5304(a), 136 Stat. 3250–51 (2022). O'Boyle's claim is not governed by section 2303(d)(1), which did not exist when he sought MSPB review, and he has disclaimed any argument that the new provision retroactively applies to him. Pet'r Reply Br. 17. Although amicus supporting O'Boyle raised a retroactivity issue, "amicus are powerless to revive an argument [O'Boyle] failed to preserve." *Food & Water Watch v. FERC*, 28 F.4th 277, 290 (D.C. Cir. 2022).

Appellate review of MSPB decisions lies in the Federal Circuit, 5 U.S.C. § 7703(b)(1)(A), subject to two exceptions: section 7703(b)(2) provides an exception for discrimination cases, which is not at issue here, and section 7703(b)(1)(B), which extends jurisdiction to regional courts of appeals for allegations of prohibited personnel practices "described in" sections 2302(b)(8) or (b)(9)(A)(i), (B), (C), or (D). O'Boyle's whistleblower claim does not implicate those personnel practices. By its plain terms, section 2302 does not apply to FBI employees. *See Davis v. Billington*, 681 F.3d 377, 385 (D.C. Cir. 2012).

O'Boyle nonetheless maintains that this court has jurisdiction. Pet'r Br. 13–22. Pointing out that his whistleblower claims are "described in" sections 2302(b)(8) or (b)(9)(A)(i), (B), (C), or (D), he views Congress's use of this more general and inclusive phrasing — rather than "brought under" or "arising under" phrasing — to indicate the absence of an intent to limit jurisdiction. Pet'r Br. 18–20. O'Boyle also relies on statutory context. *Id.* at 20–21. Although section 2303 borrows the list of personnel actions in section 2302, O'Boyle's textual argument lacks merit. The whistleblower protections in sections 2302 and 2303 are not identical and the cross reference in section 7703(b)(1)(B) to the relevant subsections in section 2302 is precise. Congress's purposeful

use of "described in" provides no basis to conclude, as O'Boyle would have it, that Congress intended to extend jurisdiction over his whistleblower claims to this court. Resp't Br. 27–28. The legislative history reinforces that section 7703(b)(1)(B) does not extend to FBI whistleblower claims. H.R. REP. No. 112-508, at 7 (2012); S. REP. No. 112-155, at 35 (2012).

The cases from other circuits on which O'Boyle relies do not advance his jurisdictional argument. In *United States v. Pennington*, 78 F.4th 955, 966 (6th Cir. 2023), the court was considering the difference between contrasting phrases used in sections of the Sentencing Guidelines that apply if a defendant has been "convicted under a specific statute" and sections that apply if a defendant's conduct "conforms to conduct described in a particular statute." In *Zummer v. Sallet*, 37 F.4th 996, 1004 (5th Cir. 2022), the court did not hold that appellate review pursuant to section 7703(b)(1)(B) covers petitions by FBI agents. Zummer never sought relief from the MSPB. *Id.* Moreover, the notice of appeal rights in the initial MSPB decision, which O'Boyle states supports his interpretation, Pet'r Br. 16, sets forth all of the appeal options that might be possible and warned that appeal to a regional circuit applies only if claims are raised under sections 2302(b)(8) or (b)(9)(A)(i), (B), (C), or (D).

Because section 7703(b)(1)(B) does not grant jurisdiction to this court over a petition based on prohibited practices under section 2303, the court cannot reach the merits of O'Boyle's petition for review.

## II.

Alternatively, O'Boyle requests a transfer of his appeal pursuant to 28 U.S.C. § 1631.[1] Pet'r Br. 22 n.1. He maintains that he was entitled to a decision by the MSPB on his claim that he was unlawfully stripped of his Top Secret security clearance. Pet'r Br. 26–27, 32–33. Arguably, he raises novel statutory and constitutional challenges related to claims of whistleblower retaliation. *Id*. The government opposes a transfer because of O'Boyle's procedural defaults and lack of merit. Resp't Br. 35 n.6. The Federal Circuit has jurisdiction to decide the default issues and any surviving merits issues. 5 U.S.C. § 7703(b)(1)(A); *see Bosley v. MSPB*, 162 F.3d 665, 668 (Fed. Cir. 1998); *Parkinson*, 874 F.3d at 713–14.

Accordingly, the court holds that it lacks jurisdiction over the petition and orders the

---

[1] 28 U.S.C. § 1631 provides in relevant part that where a

> court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such . . . appeal to any other such court . . . in which the . . . appeal could have been brought at the time it was filed or noticed, and the . . . appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

petition be transferred to the United States Court of Appeals for the Federal Circuit. The Clerk is directed to transmit the original file and a certified copy of this judgment to the Federal Circuit. Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is further directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Scott H. Atchue
Deputy Clerk